UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| THEODORE HOUSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 17-200-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| SARA HENRY, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Theodore Housley is a resident of Covington, Kentucky. Proceeding without counsel, he has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 2] and a motion to waive payment of the filing and administrative fees. [R. 1] The information contained in Housley's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. Because Housley has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Housley's complaint because he has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Housley's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Housley's complaint asserts a claim under 42 U.S.C. § 1983 against Defendant Sara Henry, identified as the public defender appointed to defend Housley in a criminal proceeding in the Kenton Circuit Court in Kenton County, Kentucky. Housley alleges that he was first assigned an attorney when he initially appeared in front of the Kenton Circuit Court on a failure to appear warrant on October 3, 2016. According to Housley, he was unable to attend a hearing in his case on October 5, 2016, because he had been taken to the St. Elizabeth Medical Center for a medical emergency, although he was represented at the hearing by a public defender. Housley further states that, as a result of the hearing, the judge who was assigned to the case withdrew. Housley alleges that on October 7, 2016, he was released from the hospital and was taken back into custody at the Kenton County Detention Center. According to Housley, for the next month, he had difficulty finding out the name of the public defender assigned to his case. Once he was told it was Henry, he alleges that he made multiple attempts to contact her, but that she was generally nonresponsive. He then alleges that on November 2, 2016, at the suggestion of another inmate, Housley had his fiancée contact Henry and request that his case be closed. He states that he was released from the Kenton County Detention Center on November 3, 2016. [R. 2 at ¶¶ 13-22]

Housley's complaint asserts that Henry's conduct deprived him of his Fourteenth Amendment right to due process of the law and, accordingly, Henry is liable to Housley pursuant to 42 U.S.C. § 1983. [R. 2 at ¶ 24, 26] However, Henry, acting as Housley's public defender, is not a "state actor" subject to liability under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). In order to prevail in a § 1983 action, the plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). However, "a public defender does not

act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County*, 454 U.S. at 325. Because Housley's complaint is based upon Henry's performance of these traditional functions as counsel, Housley fails to state a claim upon which relief can be granted against Henry under § 1983.

In addition to his federal § 1983 claim, Housley also alleges that Henry's conduct "did violate her own policy, procedures, codes and customs under the Model Rules of Professional Conduct Rule 1.4(a) 1, 3, 4, and 5(b) and Rule 8.4(a)." [R. 2 at ¶ 25] The relevant rules applicable to an attorney practicing in Kentucky are the Kentucky Supreme Court's Rules of Professional Conduct. *See generally Martello v. Santana*, 874 F. Supp. 2d 658, 669-670 (E.D. Ky. 2012), *aff'd*, 713 F.3d 309 (6th Cir. 2013) (recognizing that the power to regulate attorney discipline in Kentucky lies solely with the Supreme Court of Kentucky, pursuant to which it has enacted the Kentucky Rules of Professional Conduct). Thus, to the extent that Housley alleges that Henry violated these rules, this claim would be based on state law, not federal law.

A district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims prior to service of process, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claims without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Housley's motion to waive payment of the filing and administrative fees [R. 1] is **GRANTED** and payment of these fees is **WAIVED**.

2. To the extent that Housley's Complaint [R. 2] alleges claims against Henry arising under federal law, including 42 U.S.C. § 1983 and the United States Constitution, such claims are **DISMISSED WITH PREJUDICE**.

3. The remaining claims of Housley's Complaint [R. 2] are **DISMISSED WITHOUT PREJUDICE**.

4. The Court will enter an appropriate judgment.

5. This matter is **STRICKEN** from the active docket.

This 6th day of November, 2017.



Signed By:
*William O. Bertelsman* WOB
United States District Judge